UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELPHON CALHOUN,

        Plaintiff,                      Case Number: 08-CV-10051

v.                                          HON. JOHN CORBETT O'MEARA

WILLIAM BOTOS, ET AL.,

        Defendants.
_____/

## ORDER OF PARTIAL DISMISSAL AND DIRECTING SERVICE

Plaintiff Delphon Calhoun has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's claims as to Defendants Warren, Barnhardt, and Crawford pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted with respect to these defendants.

I.

Plaintiff's complaint arises from the alleged conduct of defendants Botos and Harvey. Plaintiff alleges that defendants Botos and Harvey forced him to endure a body search which

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

placed him in danger of physical harm, interfered with his right to have visitors, constituted cruel and unusual punishment, and violated his rights under the First and Fourth Amendments.

Defendants Warren, Barnhardt, and Crawford's alleged liability is based upon their supervisory authority over Defendants Botos and Harvey. Plaintiff alleges no specific involvement of these Defendants in the alleged unconstitutional conduct.

The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see* Monell v. Department of Social Services of New York, 436 U.S. 658, 691-95, 98 S. Ct. 2018, 2036-38 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). "Liability of supervisory personnel must be based on more than merely the right to control employees." Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989) (internal quotation omitted).

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ."

Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), *quoting* Hays v. Jefferson County, Ky., 668 F.2d 869, 874 (6th Cir. 1982).

In this case, Plaintiff fails to allege any specific conduct by these Defendants that would support a finding that they directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct. Accordingly, the Court shall dismiss the claims against Defendants Warren, Barnhardt, and Crawford.

II.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims as to Defendants Warren, Barnhardt, and Crawford are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve the appropriate papers in this case on the remaining named defendants without prepayment of the costs for such service. The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

                                         s/John Corbett O'Meara
                                         United States District Judge

Date: February 21, 2008

I hereby certify that a copy of the foregoing document was served upon Plaintiff on this date, February 21, 2008, by U.S. Mail.

                                         s/William Barkholz
                                         Case Manager