UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELPHON CALHOUN,

      Plaintiff,

                        CASE NO. 5:08-CV-10051
                        JUDGE JOHN CORBETT O'MEARA
                        MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

WILLIAM BOTOS,
ROBERT HARVEY,
DONALD CRAWFORD,
MILLICENT WARREN,
PATRICIA BARNHARDT, et al.,

      Defendants.
                                           /

**<ins>OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR
PROTECTIVE ORDER STAYING DISCOVERY (Doc. Ent. 13)</ins>**

**A.    Background**

On January 3, 2008, plaintiff filed a complaint against named defendants William Botos, Robert Harvey, Donald Crawford, Millicent Warren, and Patricia Barnhardt. The facts underlying plaintiff's complaint stem from a December 28, 2006, "strip frisk" of plaintiff at the Thumb Correctional Facility (TCF). Doc. Ent. 1 at 4-6 ¶¶ 11-23. Plaintiff claims he has "suffered stress induced by Defendants['] post-visit harassment, humiliation and threats–which ultimately resulted in his being treated for hyperten[s]ion and high blood pressure–for which he was placed on beta blockers . . . and water pills[.]" Doc. Ent. 1 at 6 ¶ 23.

Plaintiff's claims include alleged violations by Botos of (I) the Eighth Amendment; (II) the Fourth Amendment; and (III) the First Amendment; as well as (IV) a supervisory liability claim against Harvey and Crawford and (V) a supervisory liability claim against Barnhardt and

Warren. Doc. Ent. 1 at 6-8 ¶¶ 24-28. Plaintiff seeks injunctive relief, a declaratory ruling, and damages (compensatory, punitive, fees and costs). Doc. Ent. 1 at 8-9.[1]

On February 21, 2008, Judge O'Meara entered an order of partial dismissal and directing service. Defendants Warren, Barnhardt and Crawford were terminated as defendants. Doc. Ent. 4. The following day, Judge O'Meara referred this case to me to conduct all pretrial proceedings. Doc. Ent. 5.[2]

On or about May 5, 2008, plaintiff sent defense counsel a Fed. R. Civ. P. 34 discovery request in letter form, seeking the following:

> 1. Prior prisoner/employee grievances filed against Defendant Harvey and Botos during the last 5-years.
> 2. Employment history of Defendant Botos and Harvey, including but not limited to disciplinary actions taken, commendations received, promotions, etc.
> 3. Prisoner grievances at [TCF] written by:
>    A. Myron Mayberry, [Client] No. 204685–Grievance against Defendant Botos re: post visit shakedown;
>    B. Willie Hayes, [Client] No. 452896–Grievance against Defendant Botos re: post visit shakedown.
> 4. Prior lawsuits filed against Defendant Botos and Harvey in the last 5-years.

Doc. Ent. 15 at 21.

On May 9, 2008, defendants filed a motion for summary judgment. Doc. Ent. 11. Specifically, defendants argue:

> I. To state a claim for cruel and unusual punishment under the Eighth Amendment, Plaintiff must show that Defendant acted 'recklessly,' 'knowingly, and unreasonably disregarded an objectively intolerable risk of harm.' Here, Plaintiff's claims, even if true, do not amount to an

---

[1] Attached to plaintiff's complaint are (A) grievance TCF-07-01-0011-17g (Doc. Ent. 1 at 11-16) and (B) grievance TCF-07-01-0012-17g (Doc. Ent. 1 at 17-22).

[2] Plaintiff has filed a motion to reinstate named defendants pending briefing on theory of the case. Doc. Ent. 6. This motion will be addressed in a separate order.

>   Eighth Amendment violation.
> II. Plaintiff has no reasonable expectation of privacy as a prisoner and thus his Fourth Amendment claim is not actionable.
> III. Plaintiff's First Amendment right to free association claim is not actionable because the prison has a compelling interest in using strip searches to maintain safety within the prison.
> IV. Defendant Harvey is a supervisor to Defendant Botos but in no way encouraged the alleged misconduct or in some other way directly participated in it and thus Plaintiff's claims against him are not actionable [under] 42 USC 1983.
> V. Defendants are entitled to immunity under the Eleventh Amendment because they acted in their official capacity and the State of Michigan has not consented to this lawsuit. Defendants are also entitled to qualified immunity because Plaintiff has not shown that Defendants violated any clearly established federal statutory or constitutional right.

Doc. Ent. 11 at 10-20.[3] On May 13, 2008, I entered an order setting the response deadline to defendants' dispositive motion for July 14, 2008. Doc. Ent. 12.[4]

**B.    The Instant Motion**

On the day that I entered my scheduling order, defendants filed a motion for protective order staying discovery. Doc. Ent. 13. They seek an order staying discovery "until such time as the Court renders a decision on Defendants' pending dispositive motion." Doc. Ent. 13 at 2. On May 15, 2008, I entered an order setting the deadline for a response to defendants' motion for protective order staying discovery for June 16, 2008. Doc. Ent. 14.

On June 9, 2008, plaintiff filed a consolidated (1) response to defendants' dispositive motion; (2) response to defendants' motion for protective order staying discovery; (3) a cross-motion for summary judgment; and (4) a motion to compel discovery. Doc. Ent. 15. Plaintiff's legal arguments include:

---

[3] On June 18, 2008, defendants filed an attachment to Exhibit 1 of their dispositive motion, as well as a certificate of service. Doc. Entries 16-17.

[4] I will address defendants' dispositive motion in a report and recommendation.

> A. Defendants are not entitled to (1) qualified immunity or (2) sover[e]ign immunity because the law in this case was clearly established <u>before</u> the incident(s) giving rise to causes of action in controversy seeking non-monetary relief. . . .
> B. Defendants['] failure to comply with Mr. Calhoun's letter request for discovery bars summary judgment[.]
> C. Undisputed facts support Mr. Calhoun's claim(s) that Defendanty Botos['] anal-genital-to-mouth strip search seque[nce] is unconstitutional because it exposed him to communicable diseases, so his cross-motion for summary judgment should be granted on this issue[.]
> D. Defendant Harvey is a tortfeasor in this suit under the <u>supervisor liability doctrine</u> because the record shows that he had actual knowledge, acquiesced in the conduct, and was deliberately indifferent to Mr. Calhoun's complaint(s) against Defendant Botos[.]
> E. Mr. Calhoun's 'as applied challenge' to Defendant Botos['] First and Fourth Amendment violations in COUNTS II and III of the complaint are manifest on the record under the <u>well pled complaint rule</u>[.]
> F. Undisputed facts concerning several <u>prior</u> complaints made against Defendant Botos strip frisk seque[nce] show that Defendants Warren, Barnhardt, and Crawford should be reinstated as acquies[c]ent parties under the <u>supervisor liability doctrine</u> as a matter of law[.]

Doc. Ent. 15 at 8-15.

**C.     Analysis**

Defendants contend that their dispositive motion "is likely to result in dismissal [of this] action for the reason that Plaintiff's claim lacks arguable legal merit, the Court lacks jurisdiction and/or the claim is barred by one or more technical defenses." Doc. Ent. 13 ¶ 1. According to defendants, "[u]ntil this Court rules on Defendants' pending dispositive motion and determines that Plaintiff has a viable legal theory upon which to proceed, Defendants should be relieved of the time, undue burden, and expense involved in responding to interrogatories, admission requests, document requests, depositions, and other time-consuming discovery procedures." Doc. Ent. 13 ¶ 3. It is defendants' position that "[c]ompelling [them] to respond to Plaintiff's discovery requests before adjudication of Defendants' pending dispositive motion will result in the unnecessary use of public funds and public employee time." Doc. Ent. 13 ¶ 4. Defendants

contend that their "dispositive motion is grounded on questions of law, the materials requested are unnecessary, the scope of the materials requested is overly broad[;]" therefore, "discovery should be stayed until the Court issues a ruling and determines whether Plaintiff has a viable claim." Doc. Ent. 13 at 5.

Among the grounds for plaintiff's June 9, 2008, consolidated filing is plaintiff's contention that "Defendants['] affirmative defenses of qualified immunity and sover[e]ign immunity are frivolous–because controlling law for facts similar to that in this matter was clearly established before the incident(s) in controversy." Relying upon Mich. Admin. Code R 791.2210 ("Search and Seizure")[5] and *Surprenant v. Rivas*, 424 F.3d 5 (1st Cir. 2005),[6] plaintiff contends that the Court should deny defendants' motion for protective order staying discovery. Doc. Ent. 15 at 1 ¶ 1.

Attached to plaintiff's consolidated filing is his June 6, 2008, affidavit, which indicates that, in addition to the items sought by his May 5, 2008, letter, plaintiff seeks "a copy of the training manual or pertinent parts thereof as it pertains to protocol and procedures for strip frisk searches conducted by corrections officers during training at the 'Academy'." Doc. Ent. 15 at 19 ¶ 7. Also, plaintiff attached copies of a June 12, 2006, MDOC Memorandum regarding

---

[5]Specifically, plaintiff relies upon the subsection which provides, "[a] search shall not be conducted for the purpose of harassing or humiliating a prisoner, visitor, or employee." Mich. Admin. Code R 791.2210(6).

[6]In *Surprenant*, "two correctional officers and the superintendent of a county jail appeal from a jury verdict in favor of a pretrial detainee." *Id*. at 9. As to plaintiff's claim regarding the conditions of confinement against the Superintendent in his official capacity, the Court stated, "[a]pplying the *Farmer [v. Brennan*, 511 U.S. 825 (1994),] standard, the jury in this case reasonably could have inferred that the jailers knew that the combination of near-continuous confinement, denial of exercise time, water, and items of personal hygiene, exposure to bodily waste, and forced insertion of inmates' unwashed fingers into their mouths up to five times per day posed an intolerable health and safety hazard." *Surprenant*, 424 F.3d at 20-21.

Prevention of Methicillin Resistant Staphylococcus Aureus (MRSA); a November 16, 2006, posting regarding infection control in the housing units; the December, 19, 2006, Warden's Forum Minutes; January 31, 2007, Warden's Forum Minutes. Doc. Ent. 15 at 3, 22-25.

Upon consideration, defendants' motion for a protective order staying discovery is granted. I conclude that defendants' assertions that they are immune from suit, either by qualified immunity or Eleventh Amendment immunity, should be evaluated by the Court before requiring the parties to engage in discovery. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

**D.     Order**

In accordance with the foregoing, defendants' motion for a protective order staying discovery (Doc. Ent. 13) is GRANTED.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>

Dated: 6/23/08                    UNITED STATES MAGISTRATE JUDGE

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 23, 2008.

s/Eddrey Butts
Case Manager