UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELPHON CALHOUN ,

    Plaintiff,

    v.

WILLIAM BOTOS,et al.,

    Defendants.
_____/

CASE NO. 08-CV-10051
JUDGE JOHN CORBETT O'MEARA
MAGISTRATE JUDGE PAUL J. KOMIVES

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION:

The Court should enter judgment in favor of defendants in light of plaintiff's failure to show cause as required by the order issued on March 29, 2010.

II.    REPORT:

A.    *Procedural Background*

1. On January 3, 2008, plaintiff filed a complaint against defendants Wlliam Botos, identified as a Corrections Officer at the Thumb Correctional Facility of the Michigan Department of Corrections (TCF); Robert Harvey, identified as a TCF Captain; Donald Crawford, identified as a TCF Assistant Deputy Warden; Millicent Warren, identified as the TCF Warden; and Patricia Barnhardt, identified as the TCF Deputy Warden.

2. The facts underlying plaintiff's complaint stem from an alleged December 28, 2006 "strip frisk" of plaintiff by Botos at TCF. Doc. Ent. 1 at 4-6, paragraphs 11-23. Plaintiff claimed he "suffered stress induced by Defendants['] post-visit harassment, humiliation and threats- which

1

ultimately resulted in his being treated for hyperten[s]ion and high blood pressure- for which he was placed on beta blockers . . . and water pills[.] Doc. Ent.1 at 6, paragraph 23.

3. Plaintiff's claims include alleged violations by Botos of (I) the Eighth Amendment; (II) the Fourth Amendment; (III) the First Amendment as well as (IV) a failure to supervise and correct claim against Harvey and Crawford and (V) a failure to act claim against Barnhardt and Warren. Doc. Ent. 1 at pages 6-8, paragraphs 24-28. Plaintiff sought injunctive relief, a declaratory ruling, compensatory and punitive damages and costs. Doc. Ent. 1 at pages 8-9.

4. On February 21, 2008 the district judge dismissed the claims against defendants Warren, Barnhardt and Crawford because their supervisory authority over defendants Botos and Hsrvey, on which their alleged liability was founded, included no specific involvement of these defendants in the alleged unconstitutional conduct. Doc. Ent. 4 at page 2. The district judge ordered service of process on the only remaining defendants (Botos and Harvey) and referred the case to me to conduct all pretrial proceedings.

5. On March 3, 2008, plaintiff filed a motion to reinstate defendants Warren, Barnhardt and Crawford. On May 9, 2008, defendants filed a motion for summary judgment. On June 9, 2008 plaintiff filed his opposition to the motion for summary judgment as well as a cross-motion for summary judgment and a motion to compel discovery.

6. On February 4, 2009 I filed a report recommending that the Court deny plaintiff's motion to reinstate defendants Warren, Barnhardt and Crawford; grant defendants motion for summary judgment and deny plaintiff's cross-motion for summary judgment and motion to compel discovery.

7. On March 6, 2009 the district judge entered an order accepting and adopting my report and recommendation; granting defendants' May 9, 2008 motion for summary judgment; denying

2

plaintiff's March 3, 2008 motion to reinstate defendants Warren, Barnhardt and Crawford and denying plaintiff's consolidated cross-motion for summary judgment and motion to compel.

8. On March 2, 2009, after I filed my report and recommendation and after plaintiff had filed objections, but before the district judge entered his order accepting and adopting my report and recommendations, plaintiff filed a motion for leave to amend his complaint to add new counts. Specifically, plaintiff sought to add counts of retaliation against Harvey and Botos and a count of abuse of process against Botos.

9. On January 29, 2010, I issued an order denying without prejudice plaintiff's motion for leave to amend his complaint as well as his August 5, 2009 application and motion for appointment of counsel. I made four specific observations regarding my denial of the motion for leave to amend. First, plaintiff's motion did not comply with Local Rule 15.1, which requires that the proposed amended complaint should be attached to the motion. The remaining three observations were that each proposed retaliation claim and abuse of process claim "should be clarified." I stated that plaintiff should file his amended proposed complaint within thirty days.

10. On March 29, 2010 I issued an order to show cause why judgment should not be entered in favor of defendants because plaintiff had not filed an amended complaint in accordance with my January 29, 2010 order. Plaintiff was given until April 29, 2010 to show cause why such a judgment should not be entered.

11. As of this date, nothing has been filed by plaintiff in response to the order to show cause.

12 Accordingly, the Court should enter a judgment dismissing the case.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                             s/Paul J. Komives
                                             PAUL J. KOMIVES
                                             UNITED STATES MAGISTRATE JUDGE
Dated: 7/28/10

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on July 28, 2010.

                                s/Eddrey Butts
                                Case Manager